**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0149-17T2

BRUCE KAYE, Individually and
as Trustee Of The BRUCE KAYE
REVOCABLE TRUST and The
BRUCE KAYE DYNASTY TRUST,
JASON KAYE, FLAGSHIP RESORT
DEVELOPMENT CORPORATION,
and FIRST RESORTS
MANAGEMENT COMPANY, INC.,

      Plaintiffs-Appellants/
      Cross-Respondents,

and

ATLANTIC PALACE
DEVELOPMENT, LLC, and LA
SAMMANA VENTURES, LLC,

      Plaintiffs,

v.

ALAN P. ROSEFIELDE, PLUMROSE
COMPANY, INC., ROSE
ASSOCIATES, INC. OF MIAMI, LA
SAMMANA MANAGEMENT, LLC,
and BA MANAGEMENT, LLC,

Defendants/Third-Party
Plaintiffs-Respondents/
Cross-Appellants,

v.

DEBORAH KAYE, 2000 BRUCE
KAYE DYNASTY TRUST, HOWARD
ALTER, SUSAN TUNNEY, MICHAEL
VALENTI, RONNIE STRANSKY,
KENNETH WOLFE, and DENNIS
RICHARD,

Third-Party Defendants.

_____

Argued September 11, 2019 – Decided October 7, 2019

Before Judges Koblitz, Whipple and Gooden Brown.

On appeal from the Superior Court of New Jersey, Chancery Division, Atlantic County, Docket No. C-000017-05.

Edwin J. Jacobs, Jr. argued the cause for appellants/cross-respondents (Jacobs & Barbone, PA, attorneys; Edwin J. Jacobs, Jr., on the briefs).

Andrew W. Rubin argued the cause for respondents/cross-appellants.

PER CURIAM

In these cross-appeals we review two Chancery Division orders dated August 9, 2017, and March 29, 2018. We reverse.

The facts of this case were well-chronicled in our prior opinion, Kaye v. Rosefielde (Kaye I), 432 N.J. Super. 421, 435–59 (App. Div. 2013), and in the Supreme Court's opinion in Kaye v. Rosefielde (Kaye I), 223 N.J. 218, 222–27 (2015), and need not be fully repeated to understand the orders currently under review. Essentially, Rosefielde, an attorney, was employed by Kaye to manage Kaye's real estate affairs and assist in estate planning matters. Kaye I, 223 N.J. at 221.[1] Rosefielde engaged in a host of egregious actions, including breaches of the duty of loyalty, fraud, malpractice, and sexual harassment. In 2005, Kaye sued Rosefielde in Atlantic County, seeking, among other things, disgorgement of $1 million in compensation paid by Kaye to Rosefielde.

After a bench trial, the Chancery Division judge found that while Rosefielde was a disloyal employee who improperly transferred various ownership interests in Kaye's businesses to himself, he also increased profits and lowered expenses. The judge ruled disgorgement was not required, because Kaye suffered no economic injury, but did order Rosefielde's interests in Kaye's businesses be rescinded and issued a judgment in favor of Kaye for $966,675.76.

---

[1] Although the caption lists a number of parties as litigants, this case has essentially been a dispute between Kaye and Rosefielde from the beginning. 432 N.J. Super. at 429.

Both parties appealed. Rosefielde contested the trial verdict and damages, while Kaye argued error in the disgorgement ruling.

On November 24, 2012, after oral argument but before we issued our opinion, the parties settled. The resulting settlement agreement is central to the matter currently before us, but was not discussed either in our decision or the Supreme Court's opinion in Kaye I. The settlement agreement referenced the then-pending Appellate Division case by its docket number and as the "New Jersey Action[.]" By the terms of the agreement, Kaye accepted $250,000 from Rosefielde's malpractice carrier in satisfaction of the $966,675.76 judgment, and provided all litigation would be dismissed. However, the parties inserted a clawback provision allowing Rosefielde to potentially recoup the settlement payout should Rosefielde prevail on any issue on appeal in the "New Jersey Action." The settlement agreement includes an integration clause, and the parties agreed that Florida law would govern, stating "[a] court of competent jurisdiction located in the Dade County, Florida shall determine any dispute arising hereunder."

We affirmed the trial judge in part, reversed in part, and remanded for further proceedings. In particular, we upheld the trial court's findings that Rosefielde breached his fiduciary duties to Kaye, and affirmed the order

4

rescinding Rosefielde's ownership interest in Kaye's businesses. We also affirmed the trial judge's disgorgement ruling.

However, we reversed the imposition of counsel fees and punitive damages. We concluded Kaye had not shown "Rosefielde's legal malpractice and fraudulent conduct proximately caused any compensable damages to [him]." We also concluded the record did not show Rosefielde's fraudulent acquisition of an ownership interest in one of Kaye's entities, while in bad faith, caused any compensable damages.

Kaye filed a petition for certification on the disgorgement issue. Kaye I, 217 N.J. 586 (2014). While the petition was pending, Rosefielde filed a motion to dismiss the petition, arguing that the parties' settlement agreement rendered the case moot. The Supreme Court denied the motion without explanation. The Supreme Court granted Kaye's certification petition to review "whether the Appellate Division erred by affirming the trial court's holding that economic damages are a necessary prerequisite for disgorgement of the employee's salary." Kaye I, 217 N.J. at 586.

The Supreme Court concluded "that an employer may seek disgorgement of a disloyal employee's compensation as a remedy for the breach of the duty of loyalty, with or without a finding of economic loss." Kaye I, 223 N.J. at 236.

However, because the trial court never made a finding of economic loss related to Rosefielde's compensation, the Supreme Court remanded the matter for such a determination. Thus, "[t]he judgment of the Appellate Division [wa]s reversed with respect to the remedy of equitable disgorgement, and the matter [wa]s remanded to the trial court for further proceedings consistent with this opinion." Id. at 238. The opinion did not mention the settlement agreement.

On remand to the Chancery Division, on April 15, 2016, Rosefielde moved to dismiss, seeking enforcement of the settlement agreement and an order dismissing Kaye's complaint with prejudice. He argued that the settlement agreement was an enforceable contract, and once he paid the settlement, Kaye was obligated to dismiss his complaint. Rosefielde also argued the controversy should be dismissed as moot, notwithstanding the Supreme Court remand.

The court heard oral argument on the motion to dismiss on June 5, 2017. Kaye argued he was entitled to continue litigating the disgorgement issue in light of the Supreme Court's decision, because when the Supreme Court rejected Rosefielde's motion to dismiss the certification petition, it did not state it was applying an exception to the mootness doctrine. Kaye argued that, because the issue of mootness was not addressed, the Supreme Court must have viewed the case as a live controversy notwithstanding the settlement agreement. To view

the Supreme Court's disposition otherwise, according to Kaye, would be to "pretend[]" the Supreme Court reviewed the case as a matter of public importance, despite its mootness. On August 9, 2017, the Chancery judge issued a written decision granting Rosefielde's motion to dismiss. The judge focused on the scope and enforceability of the settlement agreement, but only briefly touched on the mootness issue. He noted that while the Supreme Court's reason for denying Rosefielde's motion to dismiss the certification petition was unclear, "it is not critical to the immediate proceeding."

Rather, the judge found the settlement agreement foreclosed further litigation to the extent Rosefielde did not prevail on appeal. The trial court reviewed the particular clauses in the settlement agreement and noted the parties intended to settle the New Jersey action for $250,000. The judge determined the agreement "manifest[ed] a clear intent to resolve all disputes between the parties including the New Jersey Action and 'The Judgment.'" Moreover, the comprehensive release language demonstrated Kaye agreed to waive his right to pursue current and future claims against Rosefielde, including disgorgement. This general release was only qualified by a clawback provision, which involved Rosefielde's—not Kaye's—right to recoup the settlement payout. Thus, the court granted Rosefielde's motion to dismiss with prejudice.

A-0149-17T2

Kaye appealed the court's order, but the parties consented to a temporary remand to address indemnification. On January 30, 2018, Rosefielde filed a motion for mandatory indemnification pursuant to N.J.S.A. 14A:3-5(4)[2]. Oral argument was held on March 22, 2018, before a different judge.

Rosefielde sought indemnification for all legal fees incurred since the settlement agreement was signed. The court granted in part and denied in part Rosefielde's indemnification application in a March 29, 2018, written order. The judge found the only matter wherein Rosefielde prevailed on the merits, relative to the fees for which he sought indemnification, was his motion to dismiss after the Supreme Court remand. Therefore, the judge concluded Rosefielde was entitled to indemnification for the fees incurred litigating the motion to dismiss. Rosefielde's application for all other fees was denied. This appeal followed.

We first address the August 9, 2017 order regarding the settlement agreement. The Chancery Division judge only briefly addressed whether the settlement agreement rendered the case moot, thereby obviating a remand

---

[2] N.J.S.A. 14A:3-5(4) states that "Any corporation . . . shall indemnify a corporate agent against expenses to the extent that such corporate agent has been successful on the merits or otherwise in any proceeding referred to in [N.J.S.A.] 14A:3-5(2) and 14A:3-5(3) or in defense of any claim, issue or matter therein."

A-0149-17T2

hearing consistent with the Appellate Division's and Supreme Court's opinions in <u>Kaye I</u>. However, as a trial court, the Chancery Division was bound to follow the Supreme Court's instructions, even if it thought them erroneous. <u>See</u> <u>In re Plainfield-Union Water Co.</u>, 14 N.J. 296, 303 (1954).

Notwithstanding the argument that the settlement agreement foreclosed further litigation, our Supreme Court did not specify whether it considered the case a live controversy or whether it was deciding the case under the public interest exception to the mootness doctrine. If the former, Kaye was entitled to a disgorgement hearing. But if the settlement agreement did moot this case, Kaye is precluded from obtaining relief. <u>See</u> <u>Reilly v. AAA Mid-Atl. Ins., Co. of N.J.</u>, 194 N.J. 474, 484–85 (2008) ("Because we have concluded that the questions raised in this appeal qualify as important matters of public interest, we will address their merits notwithstanding the fact that the plaintiff can derive no relief as a result.").

Thus, we are constrained to reverse both orders and remand for proceedings consistent with <u>Kaye I</u>.

Moreover, we cannot reach the second order, which was premised on Rosefielde's success on his motion to dismiss, because we cannot determine whether Rosefielde was "vindicated" on the disgorgement issue. We need not

reach the other arguments raised by the parties. Both the August 9, 2017, and March 29, 2018, orders are reversed and the former is remanded for further proceedings consistent with this opinion.

Reversed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0149-17T2